IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG MILLER,

                Petitioner,                          ORDER

      v.                                          02-cv-0096-jcs

KENNETH MORGEN, Warden,
Dodge Correctional Institution,

                Respondent.

---

     Because Judge Shabaz will be convalescing from shoulder surgery for an extended period, I have assumed administration of the cases previously assigned to him, including this one. On February 20, 2002, Craig Miller filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, contending that his convictions for battery, substantial battery, false imprisonment, intimidation of a witness, threatening injury to compel an act against the victim's will and violation of a no-contact order were in violation of the United States Constitution. He amended his petition on March 5, 2002. Judge Shabaz issued an order to show cause directing the state to submit a response to the amended petition, including the state court record and any briefs filed by the parties in the state court proceeding, showing cause why the writ should not issue. On March 21, 2002, the state moved to dismiss the petition as barred by 28 U.S.C. § 2244(d)(1). On April 3, 2002, Judge Shabaz issued an order and judgment granting the state's motion and dismissing the case with

prejudice. He denied petitioner's request for a certificate of appealability, as did the Court of Appeals for the Seventh Circuit on July 15, 2002 (<u>Miller v. Beck</u>, Case No. 02-1959 (7th Cir 2002)).

Since petitioner's federal habeas proceeding became final, he has filed numerous motions in this court, including several motions for summary judgment, a motion for judgment on the pleadings and a motion for declaratory judgment. Dkt. ## 17, 19, 20, 22, 24, 35, 39, 42). All of these motions have been denied as lacking in merit or as unauthorized successive attacks on the petition. <u>See</u> 28 U.S.C. § 2244(b)(3). Seizing on a new procedural vehicle, petitioner has now filed a motion entitled "Request for the Clerk to Enter Default Pursuant to Rule 55(a) F. R. Civ. P." Petitioner argues that he is entitled to judgment in his favor because, in the initial habeas proceeding, the state filed a motion to dismiss the petition on grounds of untimeliness and did not answer or defend the allegations of the petition.

This motion is frivolous. First, the time for filing such a motion was years ago, before judgment was entered. A motion for entry of default is inappropriate in a closed case. Second, even if petitioner had made his motion when the case was still pending, it would be denied. Default is appropriate only when the party against who judgment is sought "failed to plead or *otherwise defend.*" Fed. R. Civ. P. 55(a). By filing a meritorious motion to dismiss the petition on grounds of untimeliness, the state "otherwise defended" the petition, even though it may not have complied strictly with Judge Shabaz's order. Entry of default is a

drastic measure that courts should impose only "in extreme situations where less drastic measures have proven unavailing." Silva v. City of Madison, 69 F.3d 1368, 1377 (7th Cir. 1995). The circumstances in this case were far from extreme.

ORDER

IT IS ORDERED that the motion of Craig Miller for entry of default pursuant to Fed. R. Civ. P. 55(a) is DENIED.

Entered this 17th day of September, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge