IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CRAIG L. MILLER,

                                    ORDER

            Petitioner,

                                  02-cv-96-bbc

    v.

BRIAN FOSTER, Warden,
Green Bay Correctional Institution,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        On February 20, 2002, state inmate Craig Miller filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction. The petition was denied and judgment entered on April 3, 2002. The Court of Appeals for the Seventh Circuit reviewed the final order of this court and found no substantial showing of the denial of a constitutional right and denied petitioner's request for a certificate of appealability. Petitioner continued to file motions in this court and on February 18, 2009, I warned petitioner that any document challenging his conviction that was not accompanied by an order from the court of appeals permitting the filing would be placed in the court file without further response. Dkt. #52. On October 9, 2013 petitioner filed a motion to enjoin Wisconsin State Attorney General J.B. Van Hollen, in which he continued to challenge his state court conviction. After reviewing the submission, I concluded that this submission was not appropriate for consideration. Dkt. #64. Petitioner has appealed this decision and the matter is before the court of appeals for consideration. <u>Miller v. Foster</u>, Case No. 14-1121

1

(7th Cir).

Now respondent has filed a motion under Fed. R. App. P. 23(a), requesting authorization to transfer petitioner from the Green Bay Correctional Institution to the Wisconsin Resource Center in Winnebago, Wisconsin to allow petitioner to participate in programming that will assist him in preparing for his release from prison.

Fed. R. App. P. 23(a) states:

> Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Petitioner does not oppose the transfer; in fact, he requested it. Although it is not clear whether Fed. R. App. 23(a) applies, I can understand that the respondent warden would want the assurance of a court order before transferring plaintiff. Respondent has shown the need for the transfer. Accordingly, I will grant his request to transfer petitioner from the Green Bay Correctional Institution to the Wisconsin Resource Center.

ORDER

IT IS ORDERED that the motion of respondent Brian Foster, Warden, Green Bay Correctional Institution, dkt. #85, for authorization to transfer custody of petitioner Craig

2


L. Miller is GRANTED.

Entered this 23d day of April, 2014.

                                                BY THE COURT:
                                                /s/
                                                BARBARA B. CRABB
                                                District Judge